IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Pamela Stinson, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   13 C 1965 |
| Collecto, Inc., d/b/a EOS CCA, a Massachusetts corporation, and US Asset Management, Inc., a Delaware corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Pamela Stinson, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' form debt collection letter violates the FDCPA, and to recover damages for Defendants' violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.   Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants transacts business here.

**PARTIES**

3.   Plaintiff, Pamela Stinson ("Stinson"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendants attempted to collect a delinquent consumer debt that she allegedly owed for an AT&T cell phone account.

4. Defendant, Collecto, Inc., d/b/a EOS CCA ("EOS"), is a Massachusetts corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts. EOS operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in the State of Illinois. In fact, EOS was acting as a debt collector as to the debt it attempted to collect from Ms. Stinson.

5. Defendant EOS is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant EOS conducts business in Illinois.

6. Defendant EOS is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant EOS acts as a collection agency in Illinois.

7. Defendant, US Asset Management, Inc., ("US Asset"), is a Delaware corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts. US Asset operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in the State of Illinois. In fact, US Asset was acting as a debt collector as to the debt it attempted to collect from Ms. Stinson.

8. Defendant US Asset is a bad buyer that buys up large portfolios of delinquent consumer debts for pennies on the dollar, which it then seeks to collect upon through its related, sister company, Defendant EOS.

9. Although it conducts business in Illinois, Defendant US Asset is not

authorized to do so, see, record from the Illinois Secretary of State, attached as Exhibit C.

10. Moreover, although Defendant US Asset acts as a collection agency in Illinois, it is not licensed to do so, see, record from the Illinois Division of Professional Regulation, attached as Exhibit D.

**FACTUAL ALLEGATIONS**

11. On September 7, 2012, Ms. Stinson filed a Chapter 7 bankruptcy petition in a matter styled In re: Stinson, N.D. Ill. Bankr. No. 12-35521. Among the debts listed on Schedule F of her bankruptcy petition was a debt Ms. Stinson allegedly owed to US Asset for an AT&T cell phone debt that US Asset had purchased after she had defaulted on that debt, see, excerpt of bankruptcy petition attached as Exhibit E.

12. Accordingly, on September 12, 2012, US Asset's collection agent, EOS, was sent, via U.S. Mail, notice of the bankruptcy by the court, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines, which is attached as Exhibit F.

13. Moreover, on January 7, 2013, Ms. Stinson received a discharge of debts from the bankruptcy court, and on January 9, 2013, US Asset's collection agent, EOS, was sent, via U.S. Mail, notice of the discharge by the court, see, the Certificate of Service to the Discharge of Debtor, which is attached as Exhibit G.

14. Nonetheless, on February 28, 2013, Defendants sent Ms. Stinson a collection letter demanding payment of the AT&T debt that was eliminated in the bankruptcy. A copy of this collection letter is attached as Exhibit H.

15. Before trying to purchase and collect debts in Illinois, however, Defendant

US Asset was required by the Illinois Collection Agency Act, 225 ILCS § 425/1, et seq., to be licensed as a collection agency. Defendant US Asset is not licensed as a collection agency in Illinois. Unlicensed collection activities violate the Collection Agency Act and constitute a misdemeanor. See, LVNV Funding, LLC v. Trice, 952 N.E. 2d 1232, 352 Ill. Dec. 6 (Ill.App.Ct. 1st Dist. 3rd Div. 2011).

16. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

17. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment Of A Debt That Is Not Owed

18. Plaintiff adopts and realleges ¶¶ 1-17.

19. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A). Moreover, debt collectors are also barred from taking any action to collect a debt that cannot be legally taken, see, 15 U.S.C. § 1692e(5).

20. Demanding payment of a debt that is included in a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA. Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

21. Defendants' violation of § 1692e of the FDCPA renders them liable for

actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

22. Plaintiff adopts and realleges ¶¶ 1-17.

23. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

24. Here, the bankruptcy and the notices issued by that court (Exhibits F and G) told Defendants to cease communications and cease collections.  By continuing to communicate regarding this debt and demanding payment (Exhibit H), Defendants violated § 1692c(c) of the FDCPA.

25. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692c(a)(2) Of The FDCPA –
### Communicating With A Consumer Represented By Counsel

26. Plaintiff adopts and realleges ¶¶ 1-17.

27. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

28. Defendants were given written notice, through Plaintiff's bankruptcy, that she was represented by an attorney in connection with this debt (Exhibit F). By sending a debt collection letter directly to Ms. Stinson (Exhibit H), despite notice that she was represented by bankruptcy counsel in connection with this debt, Defendants violated § 1692c(a)(2) of the FDCPA.

29. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT IV**
**Violations Of § 1692e and § 1692f Of The FDCPA --**
**False, Misleading or Deceptive Statements, and**
**Unfair or Unconscionable Collection Means**
**Via Unlicensed Collections**

30. Plaintiff adopts and realleges ¶¶ 1-17.

31. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading means in connection with the collection of any debt, see, 15 U.S.C. § 1692e, while §1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f(1).

32. Defendant US Asset's purchase of, and attempts to collect upon, defaulted consumer debts in Illinois, when US Asset had no right to do so, and Defendant EOS's assistance of US Asset's illegal, unlicensed collection actions, was both false deceptive and misleading, and unfair or unconscionable, in violation of § 1692e and § 1692f of the FDCPA.

33. Defendants' violation of § 1692e and § 1692f of the FDCPA renders them

liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Pamela Stinson, prays that this Court:

1. Find that Defendants' collection actions violate the FDCPA;

2. Enter judgment in favor of Plaintiff Stinson, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Pamela Stinson, demands trial by jury.

                              Pamela Stinson,

                              By:/s/ David J. Philipps
                              One of Plaintiff's Attorneys

Dated: March 13, 2013

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

7